FILED
2019 MAY 08 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-12322-2 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| RALPH W DEREMER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THOR INDUSTRIES, INC.,<br><br>　　　　Defendant | Case No.:<br><br>COMPLAINT |

COME NOW PLAINTIFF Ralph W Deremer and allege as follows:

### PARTIES

1. Plaintiff Ralph W Deremer is an individual who purchased the subject vehicle in the State of Washington.

2. Defendant and manufacturer, Thor Industries, Inc. ("Defendant"), was and is a corporation organized and authorized to do business in the State of Washington; and was and is engaged in the manufacture, distribution, and sale of motor vehicles and related parts and services. In addition, Defendant engages in the business of marketing, supplying and selling written

COMPLAINT - 1

Jordan Reich, WSBA# 53196
Seattle LEmon law
7001 Seaview ave nw, Suite 160-629
seattle, Wa 98117
Tel (206) 566-7720
jordan@seattlelemonlaw.com

warranties to the public at large via authorized dealerships, including Foley RV Center, LLC of Burlington, WA ("Seller").

## FACTUAL BACKGROUND

3. On or about 6/23/18, Plaintiff entered into a motor vehicle purchase contract with Seller for the purchase of a new Thor Freedom Traveler A30 ("Vehicle"), manufactured by Defendant, Vehicle Identification No. 1F65F5DY6J0A09355. Plaintiff bought the motor vehicle primarily for Plaintiff's personal use. The purchase price was approximately $95,818.00, which included sales tax, license fees, registration fees, and other document fees. A true and correct copy of Plaintiff's purchase contract is attached hereto and marked as **Exhibit A**.

4. Plaintiffs' purchase of the Vehicle was accompanied by express warranties offered by Defendant and accepted by Plaintiff. These warranties were part of the basis of the bargain of Plaintiffs' contract for purchase of the Vehicle. Warranties included a five (5) year sixty thousand (60,000) mile factory warranty as well as other standard warranties fully outlined in the Defendant's Warranty Booklet.

5. On or about 6/23/18, Plaintiff took possession of the Vehicle and shortly thereafter experienced the various defects listed below that substantially impair the use, value, and/or safety of the Vehicle.

6. Listed below, the defects violate the express written warranties issued to Plaintiff by Defendant. They also violate the implied warranty of merchantability.

7. Plaintiff brought the Vehicle to Seller and/or other authorized service dealerships of Defendant for various defects, including, but not limited to the following:

    a. Malfunctioning water system
    b. Multiple Leaks
    c. Any additional notification and/or complaints made by Plaintiff, whether or not they are included in Defendant's records or on any repair orders.

COMPLAINT - 2

JORDAN REICH, WSBA# 53196
SEATTLE LEMON LAW
7001 SEAVIEW AVE NW, SUITE 160-629
SEATTLE, WA 98117
TEL (206) 566-7720
JORDAN@SEATTLELEMONLAW.COM

8. Despite Plaintiffs' repeated efforts to allow Defendant the opportunity to repair the Vehicle, many nonconforming and defective conditions were never repaired. From the date of its purchase, the Vehicle continues to this day to exhibit some or all of the nonconformities and/or defects described in paragraph 7 above.

9. Plaintiff justifiably and substantially lost confidence in the Vehicle's reliability and safety, and said nonconformities and defects have substantially impaired the value of the Vehicle to Plaintiff.

10. Plaintiff could not have discovered above-mentioned defects prior to the acceptance of the Vehicle.

11. Plaintiff notified Defendant, and revoked the acceptance of the Vehicle in writing on 2/20/19 A true and correct copy of said letter is attached hereto and marked as **Exhibit B**.

12. When Plaintiff revoked the acceptance, the Vehicle was in substantially the same condition as when it was delivered except the damages caused by defects and/or nonconformities and normal wear and tear.

13. Defendant failed and refused, and continue to fail and refuse, to provide Plaintiff with remedies Plaintiff is entitled to pursuant to Revised Code of Washington § 19.118.041(1) and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d).

14. Due to further proximate result of Defendant's failure to comply with its obligations to Plaintiff, Plaintiff has been required to incur attorney's fees and litigation costs. In addition, Plaintiff has incurred other incidental and consequential damages.

15. Prior to filing this suit, Plaintiff sought to resolve this matter via a qualified third party dispute resolution process, but it was of no avail.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MOTOR VEHICLE WARRANTIES,**

**REVISED CODE OF WASHINGTON § 19.118, et seq.**

COMPLAINT - 3

JORDAN REICH, WSBA# 53196
SEATTLE LEMON LAW
7001 SEAVIEW AVE NW, SUITE 160-629
SEATTLE, WA 98117
TEL (206) 566-7720
JORDAN@SEATTLELEMONLAW.COM

16. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 15.

17. The Vehicle is within the definition of "new motor vehicle" as defined in Revised Code of Washington § 19.118.021(11) as it is primarily designed for the transportation of persons or property over the public highways; that was originally purchased or leased at retail from a new motor vehicle dealer or leasing company in this state, and it was initially registered in this state.

18. Defendant is a "manufacturer" as defined in Revised Code of Washington § 19.118.021(7) as it engaged in the business of constructing or assembling new motor vehicles, and/or engaged in the business of importing new motor vehicles into the United States for the Purpose of selling or distributing new motor vehicles to new motor vehicle dealers.

19. The express warranties described and incorporated herein by reference are each a "warranty" as defined in Revised Code of Washington § 19.118.021(21).

20. The Vehicle sold to Plaintiff was subject to an implied warranty of merchantability to its materials, workmanship, and fitness for ordinary use or reasonably intended purposes running from Defendant to the benefit of Plaintiff pursuant to Revised Code of Washington § 19.118.021(21).

21. Plaintiff has performed each and every duty required of Plaintiff under the terms of the warranty agreement, and under the provisions of the Motor Vehicle Warranties, except as may have been excused or prevented by the conduct of Defendant. Plaintiff has supplied the Vehicle to Seller and/or other authorized dealerships 5 or more times and for an excess of 120 days within twenty-four (24) months from delivery or twenty-four thousand (24,000) miles on the odometer of the vehicle pursuant to Revised Code of Washington § 19.118.041(2)(a) and (b).

COMPLAINT - 4

JORDAN REICH, WSBA# 53196
SEATTLE LEMON LAW
7001 SEAVIEW AVE NW, SUITE 160-629
SEATTLE, WA 98117
TEL (206) 566-7720
JORDAN@SEATTLELEMONLAW.COM

22. The Vehicle has been defective since its delivery to Plaintiff, and continues to be defective. The above-mentioned defects substantially impair its use, value, and safety.

23. Defendant, via Seller and/or other authorized dealership, have been unable or refused to repair the above-mentioned defects to conform to the applicable express warranties after a reasonable number of attempts.

24. The above-mentioned defects in the Vehicle rendered it unmerchantable and unfit for the ordinary purposes for which it was to be used or its reasonably intended purposes. Defendant was sufficiently notified of these defects and given more than a reasonable number of opportunities and length of time to remedy these defects. Furthermore, despite numerous repair attempts which proved unsuccessful, Defendant refused and continues to refuse to replace Plaintiffs' defective Vehicle or refund Plaintiffs' purchase money for the Vehicle.

25. Defendant's refusal to repair, refund, replace, or comply with its duties and obligations under the provisions of the Motor Vehicle Warranties was willful, unreasonable, and in bad faith.

26. Due to Defendant's violations under the Motor Vehicle Warranties, Plaintiff is entitled to a refund of the full purchase price of the vehicle, including all sale tax and fees, or a replacement, in addition to incidental and consequential damages.

27. Pursuant to Revised Code of Washington § 19.118.100(3), Plaintiff is entitled to a sum equal to the aggregate amount of the costs and expenses, including attorney's fees, if Plaintiff prevails. In an effort to protect Plaintiffs' rights, Plaintiff has incurred and continues to incur legal fees, costs, and expenses in connection to this suit.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNFAIR BUSINESS PRACTICES,

## REVISED CODE OF WASHINGTON § 19.86, et seq.

28. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 27.

COMPLAINT - 5

JORDAN REICH, WSBA# 53196
SEATTLE LEMON LAW
7001 SEAVIEW AVE NW, SUITE 160-629
SEATTLE, WA 98117
TEL (206) 566-7720
JORDAN@SEATTLELEMONLAW.COM

29. Defendant violated the Motor Vehicle Warranties pursuant to Revised Code of Washington § 19.118, et seq.

30. Revised Code of Washington § 19.118.120 states that a violation of this chapter shall constitute an unfair or deceptive trade practice under chapter 19.86 RCW. Further, it states that "all public and private remedies provided under that chapter shall be available to enforce this chapter."

31. Defendant violated Revised Code of Washington § 19.86.020, because selling the defective Vehicle to Plaintiff was an unfair, deceptive act or practice by Defendant.

32. Pursuant to Revised Code of Washington § 19.86.090, Plaintiff is entitled to recover actual damages, including attorney's fees and costs.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 32.

34. The Vehicle is a "consumer product" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1), and Plaintiff normally used the Vehicle for personal purposes.

35. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

36. Defendant is a "supplier" and "warrantor" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) and (5).

37. The express warranties as described in paragraph 4 regarding the Vehicle is a "written warranty" as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

38. The Vehicle purchased by Plaintiff was subject to an implied warranty of merchantability as defined in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7) running from Defendant to the benefit of Plaintiff.

COMPLAINT - 6

JORDAN REICH, WSBA# 53196
SEATTLE LEMON LAW
7001 SEAVIEW AVE NW, SUITE 160-629
SEATTLE, WA 98117
TEL (206) 566-7720
JORDAN@SEATTLELEMONLAW.COM

39. Defendant is prohibited from disclaiming or modifying any implied warranty when it makes a written warranty to the consumer or when it, at the time of the sale, or within ninety (90) days of purchase, enters into a service contract with the consumer regarding the consumer product.

40. Defendant's actions and/or inactions failed to comply with its express written warranties, and failed to deliver the Vehicle free of defects and nonconformities. Defendant's inability and/or refusal to repair or replace the defective Vehicle constitutes a breach of the written and implied warranties covering the Vehicle. Consequently, it violated the Magnuson-Moss Warranty Act.

41. Plaintiff has performed all duties and obligations required of Plaintiff under the purchase agreement and the written warranty, except as may have been excused or prevented by the conduct of Defendant.

42. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual, incidental, and consequential damages, and is entitled to bring suit for such damages and other equitable relief pursuant to 15 U.S.C. § 2310(d).

43. In accordance with the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgement, costs and expenses of the suit including attorney's fees based on actual time expended. In an effort to protect Plaintiffs' rights, Plaintiff has incurred and continues to incur legal fees, costs, and expenses in connection to this suit.

## FOURTH CAUSE OF ACTION

## REVOCATION OF ACCEPTANCE

44. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 43.

45. By reason of the acts and events described, Plaintiff has sustained damages.

## FIFTH CAUSE OF ACTION

## BREACH OF WARRANTY

COMPLAINT - 7

JORDAN REICH, WSBA# 53196
SEATTLE LEMON LAW
7001 SEAVIEW AVE NW, SUITE 160-629
SEATTLE, WA 98117
TEL (206) 566-7720
JORDAN@SEATTLELEMONLAW.COM

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 45.

WHEREFORE, Plaintiff pray judgment as follows:

Under each cause of action under the Complaint:

1. For actual damages of the Vehicle's purchase price, including all sales tax, fees, and finance charges, and incidental and consequential damages incurred by Plaintiff or in the alternative applicable damages in accordance with sections 62A.2-714 and 62A.2-715 of the Revised Code of Washington;
2. For all reasonably incurred attorney's fees;
3. For all court costs and expenses, witness fees, and other costs of suit herein incurred; and
4. For such other and further relief as this Court may deem proper, just, and appropriate.

Under the Second Cause of Action:

1. For a civil action for damages of three (3) times the amount of actual damages, not to exceed $10,000, pursuant to Revised Code of Washington § 19.86.090.
2. For a civil penalty of $2,000, pursuant to Revised Code of Washington § 19.86.140.

Dated this 7th day of May, 2019.

Jordan Reich, WSBA# 53196
Attorney for Plaintiff,
Ralph W Deremer

COMPLAINT - 8

JORDAN REICH, WSBA# 53196
SEATTLE LEMON LAW
7001 SEAVIEW AVE NW, SUITE 160-629
SEATTLE, WA 98117
TEL (206) 566-7720
JORDAN@SEATTLELEMONLAW.COM